**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Karen Lopez, | Case No.: 2:20-cv-01007-RFB-VCF |
| Plaintiff, | **Order granting Plaintiff's motion for default judgment [ECF No. 26]** |
| v. | |
| Central Billing Manager, LLC, | |
| Defendant. | |

Before the Court is Plaintiff's motion for default judgment against Central Billing Manager, LLC. ECF No. 26. For the reasons stated below, the motion is granted.

## I. INTRODUCTION

Plaintiff filed her Motion for Default Judgment against Defendant Central Billing Manager, LLC on August 16, 2021. ECF No. 26. Defendant did not respond to this motion or the operative complaint and has not appeared in this action. Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Although there is a strong policy underlying the Federal Rules of Civil Procedure that favors deciding cases on their merits, the Court finds that Plaintiff would be prejudiced in her ability to seek relief absent a default judgment against Defendant.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

1
2
3
4
5
6
7
8
9
10

At the default judgment stage, the factual allegations of the complaint, except those concerning damages, "together with other competent evidence submitted" are deemed admitted by the non-responding parties. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1000 (N.D. Cal. 2001); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true."). The scope of relief is limited by Federal Rule of Civil Procedure 54(c), which states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

11
12

In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for courts to consider:

13
14
15
16
17

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

18
19

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

20

### III. *Eitel* factors

21
22

Applying the seven *Eitel* factors, the Court finds default judgment is warranted in favor of Plaintiff.

23

### 1. The possibility of prejudice

24
25
26
27

The first factor the Court considers is the possibility of prejudice if a default judgment is not entered. *Eitel*, 782 F.2d at 1471-72. Courts have held that prejudice exists where denying the requested default judgment would leave the plaintiff without a proper remedy. *See, e.g., IO Grp., Inc. v. Jordon*, 708 F. Supp. 2d 989, 997 (N.D. Cal. 2010). Since Defendant has not appeared in this case and has not defended

1   itself, Plaintiff will likely have no recourse if default judgment is denied. Therefore,

2   the Court finds this factor weighs in favor of granting default judgment.

3   **2. Substantive claims and the sufficiency of the complaint**

4   The second and third *Eitel* factors focus on the merits of the substantive claims

5   and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471-72. "Together, these

6   factors require that plaintiff assert claims upon which it may recover." *IO Grp.*, 708

7   F. Supp. 2d at 989 (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219

8   F.R.D. 494, 500 (C.D. Cal. 2003)).

9   Plaintiff's claims are brought under the FDCPA. "In enacting the FDCPA,

10  Congress sought to counter the abusive, deceptive and unfair debt collection

11  practices sometimes used by debt collectors against consumers." *Turner v. Cook*,

12  362 F.3d 1219, 1226-27 (9th Cir. 2004). As such, the statute is liberally construed

13  to protect the "least sophisticated debtor." *Clark v. Capital Credit & Collection*

14  *Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006); *see also Clomon v. Jackson*, 988

15  F.2d 1314, 1318-19 (2d Cir. 1993). This objective standard "ensure[s] that the

16  FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant,

17  the unthinking and the credulous." *Clomon*, 988 F.2d at 1318-19.

18  Defendant qualifies as a "debt collector." ECF No. 17, Am. Compl., ¶¶ 13-14,

19  18. Section 1692g requires a debt collector, within five days of the initial

20  communication, to send the consumer written notice containing:

21          (1) the amount of the debt;
            (2) the name of the creditor to whom the debt is owed;
22          (3) a statement that unless the consumer, within thirty days
            after receipt of the notice, disputes the validity of the debt,
23          or any portion thereof, the debt will be assumed to be valid
            by the debt collector;
24

25

26

27

1
2
3
4
5

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

6
7
8

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

9
10
11

15 U.S.C. § 1692g(a). Defendant failed to send Plaintiff the required written notices. ECF No. 17, Am. Comp., ¶ 19. The second and third factors therefore weigh in favor of default judgment.

12

**3. The sum of money at stake in the action**

13
14
15
16
17
18
19
20
21
22
23
24
25

Under the fourth *Eitel* factor, "the Court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Dr. JKL Ltd., v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1050 (N.D. Cal. 2010) (citation and quotation marks omitted). When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored. *See Eitel*, 782 F.2d at 1472 (affirming the denial of default judgment where the plaintiff sought $3 million in damages and the parties disputed material facts in the pleadings). "However, when the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014). Here, Plaintiff seeks $1,000 in statutory fees under the FDCPA. Because this is neither substantial nor unreasonable and the damages are tied to Defendant's misconduct, the fourth factor weighs in favor of default judgment.

26
27

**4. The possibility of dispute concerning material facts**

The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case. *Eitel*, 782 F.2d at 1471-72. However, upon entry of default, the defendant is "deemed to have admitted all well-pleaded factual allegations" in the complaint. *DirecTV*, 503 F.3d at 851 (citing Fed. R. Civ. P. 55(a)). Further, nothing in the record before the Court suggests a factual dispute. Accordingly, this factor also weighs in favor of granting default judgment.

**5. Whether default was due to excusable neglect**

The sixth *Eitel* factor examines whether the defendant's failure to respond to the complaint was the result of excusable neglect. *Eitel*, 782 F.2d at 1471-72. Here, Defendant failed to appear in the case. *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) ("A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.") (citations and quotation marks omitted). Further, there is nothing in the record suggesting this failure is based on excusable neglect. *See Shanghai Automation*, 194 F. Supp. 2d at 1005 (default after proper service was not excusable neglect). Thus, this factor supports default judgment.

**6. Policy favoring deciding a case on its merits**

The last *Eitel* factor examines whether the policy of deciding a case based on the merits precludes entry of default judgment. *Eitel*, 782 F.2d at 1472. In *Eitel*, the Ninth Circuit admonished that "[c]ases should be decided on their merits whenever reasonably possible." *Id.* "The existence of Federal Rule of Civil Procedure 55(b), however, shows that this policy is not dispositive." *McMillan Data Commc'ns, Inc. v. AmeriCom Automation Servs., Inc.*, 2015 U.S. Dist. LEXIS 93393, 2015 WL 4380965, at *11 (N.D. Cal. July 16, 2015) (citing *Kloepping v. Fireman's Fund*, 1996 U.S. Dist. LEXIS 1786, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). And a defendant's failure to appear makes a decision on the merits impracticable, if not impossible. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D.

1   Cal. 2010) (citation and quotation marks omitted).

2        Given that Defendant failed to appear, a decision on the merits is

3   impracticable. "In situations such as this, Rule 55(b) allows the court to grant default

4   judgment." *Bd. of Trs. v. Diversified Concrete Cutting, Inc.*, 2018 U.S. Dist. LEXIS

5   111349, 2018 WL 3241040, at *5 (N.D. Cal. July 3, 2018), report and

6   recommendation adopted sub nom. *Bd. of Trustees as Trs. of Laborers Health &*

7   *Welfare Tr. Fund for N. Cal. v. Diversified Concrete Cutting, Inc.*, 2018 WL

8   4775429 (N.D. Cal. July 27, 2018). This final factor weighs in favor of granting

9   the Motion.

10        **7. Summary of the *Eitel* factors**

11   Based on the analysis above, the Court finds each *Eitel* factor weighs in favor of

12   granting default judgment. Accordingly, the Court GRANTS Plaintiff's motion

13   and enters default judgment against Defendant.

14        **IV. Statutory damages**

15   Once the clerk enters a default, the well-pleaded factual allegations of the

16   complaint are taken as true, except for those allegations relating to damages. *E.g.*,

17   *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The

18   plaintiff is required to prove all damages sought in the complaint, and those damages

19   may not "differ in kind from, or exceed in amount, what is demanded in the

20   pleadings." Fed. R. Civ. P. 54(c). In her complaint and motion for default judgment,

21   Plaintiff seeks $1,000 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

22   Compl., ECF No. 1, ¶ 27; Mot., ECF No. 26.

23        Under the FDCPA, the Court may award statutory damages "not exceeding

24   $1,000," in addition to actual damages. 15 U.S.C. 1692k(a)(2)(A). Statutory

25   damages are available under the Fair Debt Collection Practices Act without proof

26   of actual damages. *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 776 (9th Cir. 1982).

27

In considering the amount of statutory damages, there are several factors to be considered by the Court.

### (b) Factors considered by court

In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors --

(1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; . . . .

15 U.S.C. § 1692k. "We have wide discretion in determining statutory damages." *Martinez v. Crosspoint Assocs., LLC*, No. CV 11-7389-GHK (Ex), 2012 U.S. Dist. LEXIS 171525, at *13 (C.D. Cal. Mar. 12, 2012) (citing *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990)).

Here, Defendant failed to send Plaintiff the written notices required by § 1692g, as discussed above. *See* 15 U.S.C. § 1692g(a). "Congress's sole goal in enacting § 1692g(a) was consumer protection." *Hernandez v. Williams*, 829 F.3d 1068, 1080 (9th Cir. 2016). "Calling it a 'significant feature' of the FDCPA, Congress 'added the validation of debts provision specifically to ensure that debt collectors gave consumers adequate information concerning their legal rights." *Id.* (citing S. Rep. No. 95-382 at 4.) (quotations omitted).

The nature of Defendant's violations weigh in favor of awarding the maximum $1,000 statutory damages. *Reed v. Budzik & Dynia, LLC*, No. 4:11-CV-865(CEJ), 2012 U.S. Dist. LEXIS 91848, at *4-5 (E.D. Mo. July 2, 2012) (awarding $1,000 in statutory damages where the debt collector "failed to indicate that the communication was from a debt collector or to provide meaningful disclosure of defendant's identity," among other things); *Rankins v. Nat'l Credit Works II, LLC*,

No. 4:11-CV-885(CEJ), 2011 U.S. Dist. LEXIS 126488, at *7 (E.D. Mo. Nov. 2, 2011) (two telephone contacts with debt collector was sufficient to award maximum statutory damages); *Hernandez v. Williams*, 829 F.3d 1068, 1078-79 (9th Cir. 2016) (In enacting § 1692g, Congress intended to protect consumers from abusive debt collection practices by giving consumers information about their debts and opportunities to verify them); *see also Perrigo v. Premium Asset Servs.*, No. 2:14-cv-01052-GMN-PAL, 2015 U.S. Dist. LEXIS 99038, at *24 (D. Nev. June 8, 2015) (awarding $1,000, the maximum statutory damages, as default judgment in FDCPA action); *Carlile v. N. Am. Asset Servs., LLC*, No. 10-cv-3234, 2010 U.S. Dist. LEXIS 129967, at *5 (C.D. Ill. Dec. 8, 2010) (on a motion for default judgment, awarding $1,000 in statutory damages and finding that the debt collector's actions were willful based on the inferences of its actions).

The Court finds that "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional" warrants an award of $1,000. 15 U.S.C. § 1692k(b)(1); *see* Am. Compl., ECF No. 17, ¶ 6 (Defendant's violations were knowing, willful and intentional), ¶ 14 (Defendant is a debt collector that regularly collects debts), ¶ 19 (referring to Defendant's "communications" [plural]), ¶ 20 ("Plaintiff felt helpless against Defendant").

After weighing the factors, the Court finds that an award of $1,000 in statutory damages is appropriate.

///

///

///

**V. CONCLUSION**

   **IT IS ORDERED** that Judgment be entered in Plaintiff's favor. The Court enters default judgment against Defendant Central Billing Manager, LLC for Plaintiff's FDCPA claim in the amount of $1,000.

   **IF IS FURTHER ORDERED** that Defendant may move for reconsideration and to vacate the judgment. In this motion, the moving Defendant will be required to submit evidence to demonstrate excusable neglect in responding to and appearing in this matter.


   Dated: November 17, 2023


_____

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE